BOOTH, Judge,
dissenting:
I respectfully dissent because I believe the facts of this case support admission of the illegal handgun under the plain-view doctrine without running afoul of Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
In Arizona v. Hicks, supra, police officers were called to an empty apartment to investigate the source of a gunshot. While searching the apartment for suspects, weapons, and/or victims, an officer observed two sets of expensive stereo equipment. Suspecting the stereos were stolen, the officer moved some of the components to gain access to the serial numbers. He recorded the numbers and reported them by phone to headquarters to confirm his suspicions. The stereos were verified as stolen. The Arizona courts suppressed the evidence, finding the viewing of the numbers was an additional search violating the Fourth Amendment.
On certiorari, the threshold question determined by the Supreme Court was whether there was indeed a “search” of the stereo equipment. The Court found that movement of the stereo equipment constituted a “search” separate and apart from the lawful objective of the officer’s entry into the apartment, to wit: the exigent search for weapons and/or victims.
Merely inspecting those parts of the [stereo] that came into view during the latter *697 search would not have constituted an independent search, because it would have produced no additional invasion of respondent’s privacy interest, [citations omitted]. But taking action, unrelated to the objectives of the authorized intrusion) which exposed to view concealed portions of the apartment or its contents, did produce a new invasion of respondent’s privacy unjustified by the exigent circumstance that validated the entry, [emphasis added]
Id. 480 U.S. at 325, 107 S.Ct. at 1152.
In this case, the movement of the gun never amounted to a “search” as defined in Arizona v. Hicks. Officer Carroll’s movement of the gun was related to the objectives of the authorized intrusion, the search for illegal drugs. Specifically, Carroll testified that he picked up the gun not to verify the serial number or lack of serial number, but to remove it as an impediment of his lawful search. Additionally, Carroll’s testimony reveals no predisposed suspicion regarding the legality of the gun. The defaced serial numbers became obvious to him only as he picked up the weapon. I conclude there was no “search” of the gun and that the officer properly seized it as an illegal weapon upon seeing the defaced serial numbers in plain view. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). I would affirm the trial court’s order denying suppression.